IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

PAULA R. HISE,

    Defendant.

Case No. 20-cr-40072-JPG-1

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Paula R. Hise's *pro se* motion for a reduction of her criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, making Amendment 821 retroactive (Doc. 50). Counsel voluntarily appeared for the defendant and has moved to withdraw because he does not believe the defendant is eligible for a reduction (Doc. 55). *See Anders v. California*, 386 U.S. 738, 744 (1967). Neither the Government nor the defendant has responded to counsel's motion to withdraw, although they were given an opportunity to do so. The Government has responded to Hise's *pro se* motion by agreeing with defense counsel that the defendant is not eligible for a reduction (Doc. 57).

The defendant pled guilty to two counts of wire fraud to defraud Bickett Construction and its owner, Kim Bickett, of significant amounts of money. At sentencing, the Court found that the total loss amount exceeded $1,500,000 and that the offense resulted in substantial financial hardship to one or more victims. As a consequence of these factors, her base offense level of 7 was increased to a total offense level of 24. She had accumulated no criminal history points, so her criminal history category was I. Based on these findings, her guideline sentencing range was 51 to 63 months. The Court sentenced her to 63 months in prison and later finalized the

restitution amount in an amended judgment.  The Court of Appeals affirmed the judgment.

The defendant now asks the Court to apply recent changes to the Sentencing Guidelines to lower her sentence.  Part B of Amendment 821 added U.S.S.G. § 4C1.1 (2023) to the guidelines to reduce the offense level of some offenders with no criminal history points.  Specifically, U.S.S.G. § 4C1.1 (2023) provides that if a defendant had accumulated no criminal history points and her offense did not involve specified aggravating factors, her offense level would be reduced by 2 points.[1]  Amendment 821 is retroactive.  *See* U.S.S.G. § 1B1.10(d) (2023).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

The defendant does not satisfy the first criterion because she was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).  The new

---

[1] Part A of Amendment 821 concerns criminal history points awarded because a defendant was under a criminal sentence when he committed his offense of conviction ("status points").  This does not apply to the defendant because she received no status points.

2

U.S.S.G. § 4C1.1 created by Amendment 821 does not apply to the defendant. Although she received zero criminal history points, a characteristic of her offense disqualifies her from a reduction. Specifically, she did not satisfy the condition precedent to a reduction that "the defendant did not personally cause substantial financial hardship." U.S.S.G. § 4C1.1(a)(6) & (b)(3). Indeed, after considering the factors in Application Note 4(F) of U.S.S.G. § 2B1.1, the Court increased her offense level by 2 points under U.S.S.G. § 2B1.1(b)(2)(A)(iii) because her offense resulted in a substantial financial hardship to one or more victims. *See* PSR ¶ 25. Even if an enhancement for causing substantial financial hardship is not *per se* disqualifying, based on the information from the PSR, the sentencing hearing, and the restitution proceedings, the Court would independently find that Hise personally caused substantial financial hardship to Bickett Construction so as to disqualify her from an Amendment 821 reduction.

For the foregoing reasons, the Court **GRANTS** counsel's motion to withdraw (Doc. 55) and **DENIES** Hise's *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821 (Doc. 50). Counsel Todd Schultz is **TERMINATED** as counsel in this case.

**IT IS SO ORDERED.**
**DATED:   April 23, 2024**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **U.S. DISTRICT JUDGE**