IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAULA R. HISE,<br><br>Defendant,<br>==================================<br>UNITED MUTUAL INSURANCE COMPANY,<br><br>Garnishee. | ) | Case No. 4:20-CR-40072-JPG |

**GARNISHEE ORDER**

A Writ of Garnishment has been duly issued and served upon Garnishee United Mutual Insurance Company. Pursuant to the Writ of Garnishment, the Garnishee filed an Answer (Doc. 67) on June 23, 2026, stating that at the time of the service of the Writ it had in its possession or under its control personal property belonging to and due Defendant, described more particularly as: (a) a personal property claim pending with a limit of $67,180.00; and (b) an additional living expense claim pending with a limit of $8,000.00.

On June 16, 2026, the Defendant filed a Claim for Exemption Form, identifying exemptions for wearing apparel and schoolbooks, as well as for fuel, provisions, furniture, and personal effects. (Doc 65). The Defendant's claim for exemptions is **DENIED**. The person objecting to garnishment "shall state the grounds for the objection and bear the burden of proving such grounds." *See* 28 U.S.C. § 3205(c)(5). Here, the Defendant has not satisfied her burden to show that the claimed exemption over these tangible items extends to her insurance claims for their loss, which the Government seeks to garnish. *See, e.g.*, *In re Stinnett*, 465 F.3d 309, 313 (7th

Cir. 2006) (holding that disability insurance payments that were obtained under Chapter 7 debtor's inability to perform work or services was not the "legal equivalent of earnings from services performed," and thus, it was not a property exempt from the bankruptcy estate); *Popky v. United States,* 326 F.Supp.2d 594, 604–05 (E.D.Pa.2004) (holding that a home itself would have been exempt from levy, but the proceeds from the sale of the home were not exempt). However, pursuant to an agreement between Plaintiff and Defendant, a carve out of the garnished funds is allowed to the Defendant in the amount of $5,000.00 upon the Defendant submitting and perfecting all claim forms and documents required by Garnishee for payment.

**IT IS ORDERED** that Garnishee pay to the Clerk of Court the garnished funds and continue said payments until the debt to the Plaintiff is paid in full or until the Garnishee no longer has custody, possession or control of any property belonging to the Debtor or until further Order of this Court, excepting the $5,000.00 carved out for the Defendant pursuant to this order. The $5,000.00 may be paid directly to the Defendant upon her submitting and perfecting all claim forms and documents required by Garnishee for payment.

Garnishee is ordered to pay the funds garnished under this order to the address below, with the case number (4:20-CR-40072-JPG) on the memo line.

**Clerk, U.S. District Court**
**750 Missouri Ave**
**East St. Louis, IL 62201-2954**

The Plaintiff shall provide a copy of this Order to the Garnishee.

**IT IS SO ORDERED.**
**DATED: September 25, 2026**

J. Phil Gilbert

**J. PHIL GILBERT**
**DISTRICT JUDGE**